UNITED STATES of America,
Plaintiff–Appellee

v.

Antonio ENRIQUEZ–SANDOVAL,
Defendant–Appellant.

No. 07–51082
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 2008.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Antonio Enriquez–Sandoval raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

UNITED STATES of America,
Plaintiff–Appellee

v.

Aaron HOLGUIN, Defendant–Appellant.

No. 07–51093
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 2008.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, Plaintiff–Appellee.

Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Aaron Holguin raises arguments

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008). The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Luis SALAS–HERNANDEZ,
Defendant–Appellant.**

**No. 07–51105
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 2008.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District Of Texas, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Jose Luis Salas–Hernandez raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008). The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Jose Manuel VALDESPINO,
Defendant–Appellant.**

**No. 07–51108
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 2008.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.